IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY CREASEY, JR., | ) | CASE NO. 1:90CV2264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge James S. Gwin |
| | ) | |
| K.F. SCHWAB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>ORDER</u> [Resolving Docket No. 70] |

On August 30, 2006, Leroy Creasey, Jr. plaintiff, filed a *pro se* Motion For Reconsideration (Docket No. 70) of this Court's Order of August 24, 2006. For the following reasons, the motion is DENIED.

As detailed in the previous order, on December 19, 1990, the Plaintiff, acting *pro se*, filed this action to challenge his 1988 firing from Consolidated Rail Corp. ("Conrail"). He sought review of a December 15, 1988, Public Law Board 3701 decision that upheld the discharge as proper. The Plaintiff sought to have this decision vacated. Ultimately, after finding its review of Board decisions under 45 U.S.C. § 153(q) to be narrow, the Court dismissed the action. (Docket Nos. 40 and 41).

On December 12, 1991, the Plaintiff appealed (Docket No. 42). After a remand from the

Sixth Circuit, the Court determined that the action was legally frivolous, and therefore the Plaintiff could not proceed *in forma pauperis* on appeal (Docket No. 46). On March 10, 1992, the Sixth Circuit dismissed the appeal for want of prosecution (Docket No. 49).

In addition, on February 4, 1992, the Plaintiff filed a motion for a new trial (although there never was a trial), that the Court denied on February 10, 1992 (Docket No. 47). On October 23 and November 25, 1992, the Plaintiff filed additional post-judgment motions seeking vacation of the Court's judgment dismissing the case. (Docket Nos. 54 and 57). The Court denied both motions by marginal entry. The Plaintiff appealed again, and on January 25, 1993, the Sixth Circuit dismissed the appeal for want of prosecution (Docket No. 62).

On July 24, 2006, the Plaintiff filed a Motion To Reopen the Case (Docket No. 63). On August 24, 2006, the Court denied the motion (Docket No. 69). The Plaintiff has appealed, but the Sixth Circuit has held the appeal in abeyance pending resolution of the current Motion For Reconsideration.

On its face, the Plaintiff's current motion is based on his Reply filed in support of the previous Motion To Reopen. The Reply was before the Court and considered in rendering the decision of August 24, 2006. In addition, the current motion and related briefs do not raise any issues that were not or could not have been raised in the Motion To Reopen.[1]

A motion for reconsideration cannot be used to relitigate issues already decided. See

---

[1] The only exception is the Plaintiff's current argument that attorney Timothy Fitzgerald improperly filed a brief on behalf of the Defendants without Court permission to appear. Mr. Fitzgerald is an attorney with the law firm of Gallagher Sharp, which has represented the Defendants throughout. Even assuming Mr. Fitzgerald should have filed a personal Notice of Appearance, the Plaintiff still has not demonstrated that he is entitled to reopen the settled merits of this litigation.

United States v. Stone, 68 Fed. Appx. 563, 565 (6th Cir. 2003); Douthit v. Keebler Co., 1995 WL 27435, 47 F.3d 1168 (6th Cir. 1995) (table); Lephart v. Franklin County Sheriff's Department, 1993 WL 521823, 14 F.3d 601 (6th Cir. 1993) (table). Because it raises no new issues, the Plaintiff's Motion For Reconsideration (Docket No. 70) is DENIED.

    IT IS SO ORDERED.

Dated: October 7, 2006                      *s/ James S. Gwin*
                                                 UNITED STATES DISTRICT JUDGE